OPINION
{¶ 1} Defendant-Appellant, Artemus Head, appeals an Auglaize County Common Pleas Court judgment sentencing him to a twelve-month period of incarceration upon a plea of guilt to possession of crack cocaine, a fifth-degree felony in violation of R.C. 2925.11(A)/(C)(4)(a). Head contends that the record does not support the imposition of a maximum sentence for the offense. Having reviewed the entirety of the record herein, we find the trial court's analysis illustrates that it fulfilled its obligation to consider appropriate sentencing guidelines in imposing the maximum sentence for the fifth degree felony offense, that the record supports the court's determinations, and that the sentence is not contrary to law. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} Facts and procedural circumstances relevant to issues raised on appeal are as follows: On Saturday, February 9, 2002, at approximately 1:12 p.m., the St. Marys Police Department received a call from an unidentified female who advised that Bonnie Johnson and Artemus Head had been smoking crack cocaine in their apartment in the presence of minor children. The caller further advised that the couple were smoking crack at the time of the call.
 {¶ 3} An officer was dispatched to the apartment, where he made contact with Johnson. The officer observed that Johnson's lips were quivering and that she was shaking uncontrollably. Upon inquiry, Johnson admitted to having recently smoked crack and ingested over-the-counter "speeders." She also admitted to the presence of drug paraphernalia in the apartment and retrieved the items for the officer.
 {¶ 4} During this time, Head arrived at the couple's apartment with their three-year-old son. The couple consented to a search of their apartment and vehicle. A small baggie used to store crack cocaine and a pipe cleaner were found in the vehicle. The couple admitted that these items were used for smoking crack cocaine and that they had smoked crack that morning. The couple initially informed officers that they had left their son with a babysitter while they drove to Celina, Ohio, to purchase crack. They subsequently admitted that they had taken their son with them to Lima, Ohio, where they purchased and smoked the crack cocaine. Johnson stated that the couple cashed Head's income tax return check, drove to Lima with their son, and purchased and smoked crack while their son played outside with the dealers' children. The couple then drove back to St. Marys. Johnson placed their son in the bathtub when a neighbor entered the apartment and noticed that Johnson was high. The couple both tested positive for cocaine and THC metabolites.
 {¶ 5} Head was indicted by the Auglaize County Grand Jury on one count of possession of crack cocaine, a fifth-degree felony in violation of R.C. 2925.11(A)/(C)(4)(a), and one count of possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C2925.14(C)(1).
 {¶ 6} Head was released on his own recognizance after posting bond and was ordered to have no direct or indirect contact or association with felons or anyone under indictment, including Johnson. Head's bond was subsequently revised when it was revealed that he continued to associate with Johnson, in violation of the court's previous orders.
 {¶ 7} Pursuant to a negotiated plea agreement, Head pled guilty to possession in return for a dismissal of the paraphernalia charge. He was subsequently sentenced to a twelve-month term of incarceration. Head now appeals the judgment of conviction and sentence, presenting the following single assignment of error for our review:
 The Trial Court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in the Ohio Revised Code, Section 2929.14[,] resulting in the Defendant-Appellant receiving a sentence which is contrary to law.
 {¶ 8} Within the assigned error, Head challenges the trial court's application of seriousness and recidivism factors, arguing that the record does not support that he posed the greatest likelihood of reoffending and that the trial court erred in imposing the maximum sentence for the offense.
 {¶ 9} When sentencing an offender on a fifth degree felony, a trial court may impose a prison term of "six, seven, eight, nine, ten, eleven, or twelve months."[1] If the offender previously has not served a prison term, the shortest prison term authorized for the offense is to be imposed unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.[2] A court may impose the longest prison term authorized for the subject offense upon finding that the defendant committed one of the worst forms of the offense or that the defendant poses the greatest likelihood of committing future crimes.[3]
 {¶ 10} R.C. 2953.08(G)(2) authorizes appellate courts to increase, reduce, or otherwise modify or vacate a sentence and remand the matter to the trial court for re-sentencing if the court finds by clear and convincing evidence:
 (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13; division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or]
 (b) That the sentence is otherwise contrary to law.
 {¶ 11} Scrutinizing seriousness and recidivism factors, the trial court found that Head had several prior criminal violations, noting particularly that he had multiple convictions for domestic assault, driving under the influence, and driving while under suspension.[4] The presentence investigation report supports that Head fled North Carolina to avoid probation conditions and has previously failed to complete drug or alcohol treatment programs. In addition, the court examined whether Head exhibited genuine remorse for the offense, finding that repeat instances of violence and other drug or alcohol related offenses reflected that he had no remorse for his conduct and was unwilling to comply with court-imposed sanctions.[5] The court concluded by addressing Head's neglect and disregard for the safety and wellbeing of his three-year-old son, finding that he subordinated his son's needs to his desire for drugs. Considering the circumstances surrounding the offense and Head's extensive criminal history, the trial court found that Head posed the greatest likelihood of reoffending.
 {¶ 12} Head contends that a number of seriousness and recidivism factors were inapplicable, and those that were applicable do not support a finding that this was a serious form of the offense or that he was likely to recidivate. However, sentencing courts are vested with the discretion to determine the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.[6] In this regard, he further claims that "the minor child was not a victim" of the crime, inferring that the court could not consider the child's age or the potential for physical or psychological harm because he had not been charged with child endangering. Initially, we note that sentencing courts are permitted to contemplate any other circumstances or factors that are relevant to achieving the purposes and principles of sentencing.[7]
Moreover, we find it inconceivable that a child subjected to an environment of drug abuse and placed under the care of individuals under the influence of crack cocaine or other substances is not a victim of drug activity to which the child was exposed. Having reviewed the entirety of the record herein, we find that the trial court's analysis illustrates that it fulfilled its obligation to consider appropriate sentencing guidelines in imposing the maximum sentence for the fifth degree felony offense, that the record supports the court's determinations, and that the sentence is not contrary to law. Accordingly, Head's assignment of error is overruled.
 {¶ 13} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Auglaize County Common Pleas Court is hereby affirmed.
Judgment affirmed.
 BRYANT, P.J., and CUPP, J., concur.
[1] R.C. 2929.14(A)(5).
[2] R.C. 2929.14(B).
[3] R.C. 2929.14(C).
[4] R.C. 2929.12(D)(3).
[5] R.C. 2929.12(D)(5).
[6] State v. Wobbler (April 23, 2002), Putnam App. No. 12-01-13,2002-Ohio-2080, at ¶ 9; State v. Nutter (Aug. 24, 2001), Wyandot App. No. 16-01-06; State v. Arnett (2000), 88 Ohio St.3d 208, 215,2000-Ohio-302, citing State v. Fox (1994), 69 Ohio St.3d 183, 193; Statev. Mills (1992), 62 Ohio St.3d 357, 376.
[7] See R.C. 2929.12(A), (B), (C), (D), and (E).